UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFSCME COUNCIL 25, et al.,

    Plaintiffs,

v.

                                 Case No. 15-12799

                                 HON. AVERN COHN

THE DETROIT MEDICAL CENTER, and
SODEXO MANAGEMENT, INC.,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE ARBITRATION AWARD (Doc. 22)[1]

I. Introduction

This is a labor case. As will be explained, the dispute began in 2014 when plaintiffs, AFSCME Council 25 and its affiliated Locals 140, 180 and 3695 (collectively, the Union) sued defendants the Detroit Medical Center and various hospitals within the Detroit Medical Center (collectively, the DMC). See AFSCME v. The Detroit Medical Center, 14-13770 (the 2014 case) which was assigned to the undersigned. The Union claimed that the DMC's decision to "outsource" housekeeping bargaining unit positions within the DMC by entering an agreement with a third-party, Sodexo, to perform the housekeeping functions violated the Joint Operating Agreement (JOA). Eventually, the case proceeded to arbitration. The Union prevailed in that the arbitrator found that the DMC's decision to outsource violated the successorship provision of the JOA. The Court

---

      [1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

later dismissed the 2014 case without prejudice.

In 2015, the Union again sued the DMC[2] and Sodexo, contending that they have not complied with the arbitration decision. Before the Court is the Union's motion to enforce the arbitration decision. (Doc. 22). For the reasons that follow, the motion will be denied.

## II. Background

### A.

In the 2014 case, the Union sued the DMC over the proposed outsourcing and sought an injunction, commonly known as a reverse "Boys' Markets "[3] injunction. The Union sought to preserve the status quo pending arbitration. The DMC agreed to preserve the status quo, i.e. not take any action with respect to the housekeeping positions and Sodexo, pending arbitration. Thus, no injunction was necessary. Following the DMC's agreement to preserve the status quo, the dispute proceeded to arbitration on a expedited basis. On November 20, 2014, the arbitrator concluded that the DMC's proposed outsourcing violated the successorship provision in the JOA. The arbitrator also agreed to "retain jurisdiction in the event there are questions with regard to the interpretation or implementation of this award." Although that would have seemingly ended the matter, it did not.

After the arbitration decision, the Union filed a First Amended Complaint (Doc. 34). The Union described the basis for seeking court intervention as follows:

---

[2]The Union later dismissed the DMC with prejudice. (Doc. 16).

[3]The Boys Markets v. Retail Clerks Union, 398 U.S. 235 (1970).

> The Plaintiffs are seeking injunctive relief to enforce an arbitration decision and to prevent the DMC from entering into a contract with third parties without requiring that they abide by the successorship provisions of the collective bargaining agreement between [the Union and the DMC]. The issue arises out of a decision by DMC to transfer the custodial operations of the DMC hospitals to a third party, without requiring the successor employer to abide by the [Joint Operating Agreement].
> . . . [The Union asks] that the arbitrator's opinion be confirmed.

(Doc. 34 in the 2014 case at p. 2).

At some point thereafter, the DMC and Sodexo entered into an agreement in which Sodexo agreed to be bound as a successor to the JOA.

The DMC moved the dismiss on the grounds that the First Amended Complaint failed to raise plausible claims for relief because the DMC has complied with the arbitration award and Sodexo has agreed to be bound by the Joint Operating Agreement. Alternatively, the DMC argued says to the extent there is a viable dispute between the parties, the matter should be brought before the arbitrator. The Court agreed with the DMC and entered an order dismissing the case without prejudice "to the Union's right to move to reinstate the case for good cause shown." (Doc. 41 in the 2014 case at p. 2).

B.

Instead of moving to reinstate the 2014 case, the Union filed this new action against the DMC and Sodexo. The case was reassigned to the undersigned as a companion to the 2014 case. The complaint seeks injunctive and monetary relief and is in two counts, labeled by the Union as follows:

Count I - Action to Enforce Arbitration Award

Count II - Breach of Contract

The Union has now moved to enforce the arbitration decision. Essentially, the Union says that Sodexo has not complied with the arbitration decision because it is not providing a

401(k) retirement plan equal to the plan that the employees enjoyed with the DMC and, for over a year, the employees have not been able to make contributions to a 401(k) plan. The Union asks that "custodian retirement benefits be fully restored to what existed under the AFSCME-Sodexo [sic] contract."

III.  Discussion

Sodexo says that the Union's motion should be denied because (1) the arbitration decision did not relate to either Sodexo or any benefits issue, (2) the Union's remedy lies in the contractual grievance procedure, (3) the Union is not a party to the DMC-Sodexo contract nor is it a third party beneficiary, (4) the motion is premature. Sodexo's position is well-taken.

A.

First, the relief the Union seeks is not within the confines of the arbitration award. The Union says that the arbitration award requires Sodexo to immediately set up "identical benefits." (Doc. 1, p. 2). Not so. Sodexo was not a party in the arbitration, and the only issue decided by the arbitrator was "whether the outsourcing planned by the Employer [DMC] violated Article XXVII [successorship]." (Sodexo's Ex. A, arbitration decision, at p. 3). The arbitrator then concluded that "outsourcing of Environmental Services work announced by DMC violates Article XXVII of the Joint Operating Agreement." (Ex. A at p. 4). Nothing in the arbitration decision mandates that Sodexo, who was not a party, provide "identical" or any 401(k) benefits. The only issue decided was whether the DMC could outsource. The arbitrator said no. The consequence of the decision, however, was that Sodexo, in wanting to keep its relationship with the DMC, subsequently entered into an agreement with the DMC in which Sodexo agreed to be

4

bound by the JOA. The agreement between the DMC and Sodexo is separate from the arbitration decision. The Union cannot rely on the arbitration decision to obtain the relief it seeks on the 401(k) issue.

B.

Second, to the extent that the Union believes that Sodexo has violated the JOA by not offering an equal 401(k) plan, they must follow the grievance procedure of the JOA. It is well established that "where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37 (1987).

Here, the JOA's grievance procedure broadly defines a grievance as follows: "A grievance under this Agreement is a dispute, claim, or complaint arising during the term of this Agreement. Grievances are limited to matters of interpretation and application of this agreement." (Doc. 22-5). The Union's complaint alleges that "Defendants have breached, and threaten to continue to breach, the collective bargaining agreement by refusing to provide the benefits agreed to [Plaintiffs] . . ." (Doc. 1 at ¶ 25). Thus, the Union's claim that Sodexo has violated the JOA "to provide the benefit of certain employment terms to its AFSCME-represented employees, which AFSCME is permitted to enforce," is a dispute, claim, or complaint that would first require the Union to file a grievance under the JOA.[4]

---

[4] At the hearing on the DMC's motion to dismiss the 2014 case, the Court echoed this sentiment when it noted "Sodexo has agreed that it's bound by the contract, and if it's not fulfilling its obligations under the contract, you have a right to file a grievance." (Doc. 12-11 Pg ID 232)..

5

In fact, the Union filed a grievance relating to the 401(k) issue before it filed this action.[5] On March 9, 2015, the Union filed a grievance against Sodexo alleging that: "Management is in violation of Article II, Section 2, Article XVII, Sect 1, Article XXVII and all applicable Articles, rules and policies. Management is not contributing a 'comparable' match to the funds employees place in their 401K accounts." The grievance sought the following remedy: "Management must match employees' 401k contributions at the same rate as they were matched by DMC/Tenet." (Doc. 26-1, grievance, Ex. A). The grievance was processed, and the parties held a "third step" grievance meeting on April 30, 2015. Sodexo denied the grievance. The Union then filed a notice of its intent to arbitrate on May 19, 2015. Although the notice of intent transferred the matter to the Union's Arbitration Department, the Union did not appoint an arbitrator from the contractual panel of arbitrators or schedule a hearing date.

On about May 2016, approximately a year after the notice of intent to arbitrate issued, the Union appointed an arbitrator, and, on May 24, 2016, the arbitrator sent a notice to Richard Mack, the Union's counsel in this matter, stating that he was accepting appointment of the 401(k) grievance arbitration. (Doc. 26-2, notice from arbitrator, Ex. B). A hearing date has not yet been scheduled.

However, despite having already filed the 401(k) grievance and the intent to arbitrate, the Union filed this lawsuit on August 7, 2015.

From the above, it is clear that the Union has been pursuing a grievance regarding the 401(k) plan since March 2015 while, over a year later, simultaneously seeking the

---

[5]The grievance was provided by Sodexo in a supplemental filing. (Doc. 26). Sodexo says it only recently learned that the grievance had been processed to arbitration and was part of other grievances the Union filed after Sodexo took over the DMC account.

same relief in this case. The Union's dual track approach is not appropriate and inconsistent.  In this case, the Union asserts that the arbitrator's outsourcing decision is "final and binding" on the 401(k) issue and must be enforced.  In the grievance, the Union asserts that the issue is not settled and must be put before an arbitrator.  The Union cannot have it both ways.  In the end, the Union must pursue the grievance remedy that it began before it filed this case.

In light of this determination, it is not necessary for the Court to consider Sodexo's additional arguments, i.e. that the Union cannot claim that it is a third-party beneficiary to the agreement between Sodexo and DMC, or that the motion is premature because there has been no discovery.

## IV.  Conclusion

For the reasons stated above, the Union's motion to enforce arbitration decision is DENIED.[6]

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2016  
       Detroit, Michigan

---

[6] Although Sodexo argues in its papers that summary judgment should be granted in its favor and the case dismissed, it must separately move for such relief.